IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WGI INNOVATIONS, LTD., a Texas limited partnership | } } } | |
| Plaintiff, | } } | CIVIL ACTION NO. |
| vs. | } } } | _____ |
| RED.COM, INC., dba RED DIGITAL CINEMA, a Washington corporation, | } } } } | |
| Defendant. | } } | JURY TRIAL DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

NOW COMES WGI INNOVATIONS, LTD. ("WGI") ("Plaintiff"), by and through its attorneys, to make and file its Plaintiff's Original Complaint against Defendant, RED.COM, INC., dba RED DIGITAL CINEMA (hereinafter referred to as "Defendant"), and for cause of action would respectfully show the Court as follows:

## PARTIES

1.　　Plaintiff, WGI INNOVATIONS, LTD., is a limited partnership, organized under the laws of the State of Texas, having its principal place of business in Grand Prairie, Texas.

2.　　Defendant, RED.COM, INC., dba RED DIGITAL CINEMA, is a corporation, organized under the laws of the State of Washington, having its principal place of business at 34 Parker, Irvine, California 92618.  Defendant maybe served with process through its registered agent, Chandler Weeks, 462 Stevens Avenue, Suite 310, Solana Beach, CA 92075.

## JURISDICTION AND VENUE

4.　　This is an action for declaratory judgment regarding claims of infringement of federally registered and unregistered trademarks and unfair competition.  This Court has

jurisdiction over the subject matter in this case based upon federal question under 15 U.S.C. §1121 and 28 U.S.C. §1331 and §2201.

5.  Defendant does business in Texas. Defendant advertises and sells products, including products under the asserted trademark "RED", in Texas, including without limitation, in the Northern District of Texas. Jurisdiction over Defendant is proper in Texas and therefore pursuant to 28 U.S.C. §1391(c) (2). Plaintiff resides in the Northern District of Texas. Venue is proper in this district under 28 USC §1391(b) (2) and (c) (2).

### Declaratory Judgment

6.  WGI sells infrared trail cameras. Trail cameras are used by enthusiasts of the outdoors and wildlife, including hunters, to automatically capture images of wildlife. The trail cameras are set up outdoors along game paths, near feeders or other areas where wildlife is likely to appear. The trail cameras have a motion sensor; when wildlife is sensed nearby, the cameras automatically capture an image. During low light conditions, the cameras may use a flash. Some trail cameras use a flash of visible white light. Infrared cameras use an infrared flash, which is invisible to wildlife and will not scare or spook the wildlife.

7.  WGI uses "RED" in connection with some of its cameras that utilize infrared flash technology.

8.  WGI uses the trademark "REDUX" on some of its cameras to designate an anti-blur capability.

9.  Defendant owns several registered trademarks for "RED", including Registration Nos. 3,703,504; 3,732,638; 3,800,535; 3,804,193 and 3,832,666 and claims common law rights to "RED" for cameras under federal application Serial Nos. 85/253439 and 86/025356.

10.  Defendant has accused WGI of infringing its "RED" marks under 15 U.S.C. §1114 and §1125(a) and is contesting WGI's application to register "REDUX" on the federal

principal register for trademarks. Plaintiff denies Defendant's assertions. An actual controversy exists between the parties.

11. WGI's use of "RED" on its infrared cameras is descriptive of the infrared flash capability. WGI's use of "RED" on its infrared cameras is a fair and non-infringing use of "RED". There is no likelihood of confusion between WGI's use of "RED" and Defendant's marks. Defendant's "RED" mark on cameras is invalid.

12. There is no likelihood of confusion between WGI's use of "REDUX" and Defendant's marks.

13. WGI is entitled to and seeks judgment declaring that its uses of "RED" and "REDUX" do not infringe on any of the trademarks owned by Defendant. WGI is entitled to and seeks judgment declaring that its uses of "RED" and "REDUX" do not infringe on any common law rights Defendant may have as Defendant claims in Serial Nos. 85/253439 and 86/025356.

14. WGI is entitled to and seeks judgment declaring that its uses of "RED" and "REDUX" do not constitute false designation in view of Defendant's marks and common rights, if any.

15. WGI is entitled to and seeks judgment declaring that its uses of "RED" and "REDUX" do not constitute unfair competition under substantive Texas law in addition to any federal law.

### Attorney's Fees

16. WGI is entitled to and seeks recovery of reasonable attorney's fees, expenses and costs as provided by Texas Civil Practice & Remedies Code § 37.001, *et seq.*

17. Plaintiffs request a trial by jury in this case.

# **PRAYER**

WHEREFORE, PREMISES CONSIDERED, the Plaintiff, WGI, prays that upon trial on the merits this Court render judgment in Plaintiff's favor and against the Defendant as follows:

A. A declaration that WGI's use of "RED" on its infrared cameras is descriptive of the infrared flash capability;

B. A declaration that WGI's use of "RED" on its infrared cameras is a fair and non-infringing use of "RED";

C. A declaration that WGI's use of "RED" does not infringe Defendant's marks;

D. A declaration that Defendant's "RED" mark on cameras is invalid;

E. A declaration that WGI's use of "REDUX" does not infringe Defendant's marks;

F. A declaration that WGI's the use of "RED" does not constitute false designation of origin.

G. A declaration that WGI's the use of "REDUX" does not constitute false designation of origin.

H. A declaration that WGI's the use of "RED" does not constitute unfair competition.

I. A declaration that WGI's the use of "REDUX" does not constitute unfair competition.

J. Defendant be ordered to pay interest, costs and attorney's fees to Plaintiffs; and

K. For general and such further and other relief, at law or in equity, as to which Plaintiffs may show themselves to be entitled.

Date: September 27, 2013					Respectfully submitted,


                                                /s/ Daniel L. Bates
Daniel L. Bates
State Bar No. 01899900
Email:  dbates@deckerjones.com

Geoffrey A. Mantooth
State Bar No. 12957530
Email:  gmantooth@deckerjones.com

DECKER, JONES, McMACKIN,
  McCLANE, HALL & BATES, P.C.
801 Cherry Street, Suite 2000, Unit #46
Fort Worth, Texas 76102
Telephone:  (817) 336-2400
Telecopier:  (817) 336-2181

ATTORNEYS FOR PLAINTIFFS